*NOT FOR PUBLICATION*

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John CAMPBELL, aka John Cambell, John Lincoln Cambell, L. Campbell, Defendant–Appellant.**

No. 05–50813.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.*

Filed Nov. 29, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Matthew D. Umhofer, Esq., USLA-Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Guy C. Iverson, FPDCA-Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant-Appellant.

Before: PREGERSON, REINHARDT, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Defendant John Campbell ("Campbell"), convicted by a jury of charges arising out of a scheme masterminded by his co-defendants in which the participants used fraudulently obtained credit to purchase computer merchandise from wholesale computer companies and resold the merchandise at a profit without repaying the credit extended to them, appeals his 48–month sentence on the grounds that the district court wrongly: (1) applied a two-point Guidelines enhancement for use of sophisticated means; (2) rejected a two-point Guidelines reduction for acceptance of responsibility; and (3) imposed a harsher sentence than that ultimately received by his more culpable co-defendants, who were sentenced to prison terms of 21 months and 41 months, respectively.

The district court did not err in applying a two-point enhancement for use of sophisticated means. This enhancement applies whenever "the *offense* . . . involved sophisticated means," U.S. Sentencing Guidelines Manual § 2B1.1(b)(9)(C) (emphasis added), and the Sentencing Commission has clarified that "offense" in this context refers to "the overall offense conduct for which the defendant is accountable," not "the personal conduct of the defendant," *id.* § 2T1.1 hist. notes

(1998 Amends.). Accordingly, the "sophisticated means" enhancement was properly applied to Campbell—who was convicted of a conspiracy involving the use of shell companies, *see id.* § 2B1.1(b)(9)(C), cmt. n. 8—even if he was not personally involved in that aspect of the scheme.

■ Nor did the district court err in rejecting a two-point reduction for acceptance of responsibility. Although Campbell confessed during his first encounter with law enforcement and cooperated with the government by wearing a recorder to obtain evidence against one of his co-defendants, he chose to proceed to trial contesting his factual guilt. *See United States v. Mohrbacher,* 182 F.3d 1041, 1052 (9th Cir.1999) (denying acceptance of responsibility adjustment where defendant immediately confessed and assisted the government in discovering others' criminal activities, but proceeded to trial and refused to admit to the intent element of the offense).

■ Nevertheless, the comparatively small sentences received by Campbell's far more culpable co-defendants—at least one of which was unanticipated by the district court when Campbell was originally sentenced—compel the court to remand this case for re-sentencing. Specifically, at Campbell's sentencing hearing, the government represented that co-defendant Abbas was facing a 97–120 month prison term under the Guidelines—a prediction the district court considered significant to its own sentencing decision. Ultimately, Abbas was sentenced to only 41 months in prison, and codefendant Jan (the undisputed ringleader of the scheme) was sentenced to only 21 months. In light of this new—and unanticipated—information, the district court may wish to re-examine the

reasonableness of Campbell's 48–month sentence and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553.

**VACATED AND REMANDED.**

---

*This case was not selected for publication in the Federal Reporter*